UNITED STATES DISTRICT COURT
OF
MISSOURI
EASTERN DISTRICT

| | |
|---|---|
| ANTONIO BROWN, )<br>    Petitioner, )<br>  )<br>  ) | |
| Vs.   ) | Jury Demand |
|   )<br>  ) | |
| GENERAL MOTORS LLC , )<br>    Defendant. )<br>  ) | |

# COMPLAINT

(Age, Disability Discrimination, hostile work environment and Retaliation)

Introduction

Antonio Brown,  for his petition against General Motors states and alleges as follows:

1. This case arises under the Americans with Disabilities Act  42 USC  *sect.*12101, et seq. ("ADA"), Section 504 of the Rehabilitation Act of 1973, as amended, at 29 USC *sect.*794 (the "Rehabilitation Act"), and the Persons With Disabilities Civil Rights Act, M.C.I. *et seq*. ("PDCRA").

2. This Court has jurisdiction pursuant to the following statutes:

    28 USC sect. 1331, 1343 (3) (4), 1367, which gives district courts original jurisdiction over civil actions arising under the Constitution, Laws or treaties of the United States;

3. Venue is appropriate in this judicial district under 28 USC 1391 (b) because the events that gave rise to this Petition occurred in this district.

**PARTIES**

4. Plaintiff is an African American, with diagnosed psychological infirmities including anxiety and bipolar disorder.

5. He is a citizen of the United States and resides in the City of St. Louis, State of Missouri which is in this judicial district.

6. Defendant, General Motors is a Delaware limited liability company whose only member is General Motors Holdings LLC. General Motors Holdings LLC's only member is General Motors Company, a Delaware corporation with its principal place of business in Wayne County, Michigan. General Motors Company owns 100% of General Motors Holdings LLC.that employs ,manufactures does other business in Wentzville Missouri.

7. Among other things, Plaintiff contends that GM officials discriminated against him because of his mental disability and his age.  Plaintiff further asserts that management retaliated against him for having complained about such discrimination, created a hostile working environment for him, caused him to suffer major depression, failed to provide reasonable accommodation, punished him for using medical leave to obtain treatment for work induced maladies, and finally, terminated his employment when the discrimination/retaliation caused his incapacity.

## GENERAL ALLEGATIONS

8. Plaintiff Antonio Brown had been employed by the defendant for five years before being terminated by the company.

9. At the time of his termination from GM, Mr. Brown worked in the Paint Preparation Department earning around $50,000.00 annually.

10. Mr. Brown's Group Leader at the time was Chris Joiner. Up line in management from Chris Joiner was another supervisor, Derron Carson.

11. On December 7, 2018, Mr. Brown reported to work as he would normally, when he "bidded" into a position in the "seal line".

12. While working on the seal line, Mr. Brown was forced to endure the hostile work environment created by the loud playing of "Rap" music which contained vulgar and sexually explicit language that some of the employees had chosen to listen to.

13. Although Mr. Brown protested the use of this music at work to his management, the supervisors failed to address the offensive situation in anyway.

14. Mr. Brown sought the representation of a Union Official during the discussion, but management never addressed the offensive music. Nor did the supervisors transfer Mr. Brown to a more suitable position.

15. Although, Mr. Brown sought the representation of a Union Official during the labor dispute, management refused to observe the Union/Management protocol and instead engaged with him directly.

16. The situation escalated leading Mr. Brown to be psychologically triggered by the verbal and even physical confrontation with management.

17. Eventually the police were called , but  Mr. Brown Henderson  exited the premises of his own accord.

18. On December 10, 2018, Mr. Brown  filed for sick leave due to his strained mental health and sought therapy.

19. While Mr. Brown was on leave, he enrolled in group therapy and received medical attention from a psychiatrist that corrected his medications.

20. On May 10, 2019, Mr. Brown was released to return to work.

21. On May 20, 2019 Mr. Brown reported to the plant for work.

22. Before he clocked in, a corporate psychiatrist had to evaluate him. After questioning Mr. Brown, the psychiatrist approved his return to work.

23. Before, he could punch in he was taken to "labor" for a disciplinary meeting.referrable to the personnel incident from December 7, 2018.

24. At this meeting, Mr. Brown advised that his condition was under control with his medication and that he would not need any accommodation. Nevertheless, at this meeting, Mr. Brown was summarily discharged from employment with management.

25. GM's discriminatory/retaliatory treatment caused Mr. Brown to suffer from panic attacks and depression and other mental health maladies.

## COUNT ONE

### (Age Discrimination in Violation of the Age Discrimination in Employment Act (ADEA)29 USC 621

26. Plaintiff incorporates and restates each of the above paragraphs as if fully set forth herein.

27. The Defendant's conduct as alleged above constitutes discrimination based on Age discrimination violation of ADEA..

28. The stated reasons for the Defendant's conduct were not the true reasons, but instead were pretext to hide the Defendant's discriminatory animus.

## COUNT TWO

## VIOLATION OF 42 U.S.C. sect. 12101 et seq .

29.  Plaintiff incorporates and restates each of the above paragraphs as if fully set forth herein.

30. Plaintiff is a "qualified individual with a disability" as defined in 42 U.S.C..*sect*. 12101.

31. Plaintiff's denial and exclusion from employment violated the ADA because Plaintiff is otherwise qualified to perform the essential functions of the position he had formerly been employed to work .

32. As a direct and proximate result of the Defendants unlawful discrimination, Plaintiff has sustained injuries and damages.

## COUNT THREE

### Hostile and Abusive Working Environment

33.  Plaintiff incorporates and restates each of the above paragraphs as if fully set forth herein.

34.  Mr. Brown and management at the Wentzville plant for GM had previously disputed regarding various working conditions under its management.

35. Sometime during the course of his employ, Mr. Brown had reason to file an internal grievance against management  charging discrimination and hostile work environment.

36. The Defendant's conduct as alleged above constitutes hostile and abusive working evironment in violation of  the ADAand the ADEA.  The stated reasons for the Defendant's conduct were not the true reasons, but instead were pretext to hide the Defendant's discriminatory animus.

## COUNT FOUR
## RETALIATION
## 42USC 2000 e-3(a)
## 42USC12203 (a)-(b)

37. Plaintiff incorporates and restates each of the above paragraphs as if fully set forth herein.

38. Mr. Brown, an employee engaged in "protected activity" when he complained of an employment practice that he "reasonably believed" violates the anti-discrimination laws.

39. The activity was the management sanctioned playing of music containing sexually explicit, offiensive and vulgar music in the common working areas.

40. Mr. Brown was terminated secondary to an employment scenario arising out of his appropriate grievance referable to the offensive music.

## PRAYER FOR RELIEF

Wherefore, Plaintiff requests that this Court enter judgment against Defendants providing the following relief:

a. Compensatory damages in whatever amount in excess of 75,000.00, exclusive of costs and interest, that Plaintiff is found to be entitled.

b. Punitive exemplary damages against Defendants in whatever amount, exclusive of costs and interest, that Plaintiff is found to be entitled.

c. An order placing Plaintiff in the position that he would have been in had there been no violation of her rights;

    d.  An order enjoining/restraining defendants from further acts of discrimination or retaliation;

    e.  An award of interest, costs, and reasonable attorney's fees;

    f.  Take other appropriate nondiscriminatory measures to overcome the above described discrimination; and

    g.  Such other and further relief as the Court deems appropriate.

## JURY DEMAND

The Plaintiff requests trial by jury.

/s/Celestine Dotson

Celestine Dotson 50633
Law Office of Celestine Dotson
300 North Tucker Suite    #305
Saint Louis, Missouri     63101
314.454.6543
314.241.4943 facsimile