IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ANTONIO BROWN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) )  Case No. 4:20-cv-01760 |
| GENERAL MOTORS, LLC, | ) ) ) |
| Defendants. | ) ) |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S
PARTIAL MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendant General Motors, LLC ("Defendant" or "GM") respectfully submits this Memorandum of Law in Support of its Partial Motion to Dismiss Plaintiff Antonio Brown's ("Plaintiff") Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## INTRODUCTION

This is an employment discrimination lawsuit in which the Plaintiff claims age and disability discrimination, hostile work environment, and retaliation. However, Plaintiff's age, hostile work environment and retaliation claims are plainly beyond the scope of his underlying Charge of Discrimination. The Court should therefore dismiss those claims that Plaintiff failed to exhaust at the administrative level, as required by law.

Plaintiff cannot bring these claims without first properly filing a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC" or "the Commission") detailing the alleged act(s) of discrimination, and without first receiving a right-to-sue notice from the Commission. Here, Plaintiff's Charge of Discrimination was expressly limited to allegations of discrete acts constituting disability discrimination. Plaintiff's Complaint, however, improperly seeks to include these additional claims for age, hostile work environment, and retaliation.

Because Plaintiff failed to exhaust these additional claims with the Commission, the age (Count I), hostile work environment (Count III), and retaliation claims (Count IV) are barred as a matter of law and should be dismissed.

## BACKGROUND

According to Plaintiff's own allegations in the Complaint,[1] he worked for Defendant in the "Paint Preparation Department" of their Wentzville, Missouri facility. *See* Complaint, ¶ 6, 9. On or about November 19, 2019, Plaintiff filed a Charge of Discrimination with the Missouri Commission on Human Rights ("MCHR") and the EEOC. *See* Exhibit A. Plaintiff's Charge did not contain any allegations of age, hostile work environment, or retaliation. *See* Exhibit A. Instead, Plaintiff only alleged various discrete acts of disability discrimination. *Id.* On September 16, 2020, the EEOC issued Plaintiff a right-to-sue notice stating: "You may file a lawsuit against the respondent(s) under federal law **based on this charge** in federal or state court." *See* Exhibit B (emphasis added).

Plaintiff then filed this action against GM, alleging disability and age discrimination, hostile work environment, and retaliation. *See* Plaintiff's Complaint. Defendant now seeks to dismiss the portions of Plaintiff's Complaint alleging age, hostile work environment, and retaliation because Plaintiff failed to exhaust his administrative remedies on these claims in violation of established law.

## ARGUMENT

**I.      Legal Standard**

---

[1] For the purposes of this motion only, pursuant to applicable law, the facts as alleged in the Complaint are taken as true. Defendant reserves and does not waive its right to dispute the facts alleged in the Complaint at any later point in this proceeding.

Defendant seeks to dismiss Plaintiff's claims of age, hostile work environment, and retaliation under Fed.R.Civ.P. 12(b)(6) because Plaintiff has failed to timely exhaust his administrative remedies with respect to these claims. Nor has he even alleged doing so in his Complaint, which is another ground for dismissal.[2] Exhaustion of administrative remedies is a condition precedent to bringing a claim under either Title VII or the Age Discrimination in Employment Act ("ADEA").  See *Stuart v. General Motors Corp.*, 217 F.3d 621, 630 (8th Cir. 2000); *Tart v. Hill Behan Lumber Co.*, 31 F.3d 668, 671 (8th Cir. 1994). Exhaustion of administrative remedies "***requires*** a claimant to give notice of ***all claims*** of discrimination in the administrative complaint." *Stuart*, 217 F.3d at 630 (emphasis added) (internal quotations omitted); *see also Tart*, 31 F.3d at 671.

Defendant's Motion is a motion to dismiss for failure to state a claim. In ruling on such a motion, the Court may consider – without converting it to a Motion for Summary Judgment – documents "incorporated by reference, [documents that] are integral to the claim, or are exhibits whose authenticity is unquestioned . . . [or documents] necessarily embraced by the pleadings . . ." *Reitz v. Nationstar Mortg., LLC*, 954 F. Supp. 2d 870, 876 (E.D. Mo. 2013). District courts, including this one, have held that the Charge of Discrimination a Plaintiff files is necessarily embraced by the subsequent pleadings in a discrimination lawsuit. *Peyton v. AT&T Servs., Inc.*, 2013 WL 2475700, at *2 (E.D. Mo. June 10, 2013).

## II.   Plaintiff's Age, Hostile Work Environment and Retaliation Claims Must Be Dismissed Because He Failed to Exhaust His Administrative Remedies With Respect to Those Claims.

Plaintiff's age, hostile work environment and retaliation claims fail because he did not exhaust his administrative remedies as to any such claims. While a charge need not set forth all

---

[2] *Cermak v. Host Int'l*, 2018 WL 7254600, at *2 (D. Minn. Nov. 27, 2018) (dismissing ADA claim where plaintiff did "not allege in his Complaint that he filed a charge with the EEOC" or "that he received a right to sue letter").

3

the evidence an employee may later present to a court, it must "give the employer notice of the subject matter of the charge and identify generally the basis for a claim." *McNeil v. Metro*, 748 F. Supp. 2d 1047, 1056 (E.D. Mo. 2010) (internal citations omitted). To that end, the "sweep of any subsequent judicial complaint may be only as broad as the scope of the EEOC investigation which could reasonably be expected to grow out of the charge of discrimination." *Robertson v. Budrovich Excavating, Inc.*, 2006 WL 2460794, *5 (E.D. Mo. Aug. 23, 2006) (internal quotations omitted). Allegations outside the scope of those included in the charge are precluded in any subsequent lawsuit based on that charge. *Id*. Thus, a difference exists between liberally reading a claim which lacks specificity and "inventing, ex nihilo, a claim which simply was not made." *McNeil*, 748 F. Supp. 2d at 1056.

  Here, Brown failed to exhaust his administrative remedies because he did not complain about age, a hostile work environment or retaliation before the EEOC. Rather, Plaintiff only checked the "Disability" box, without explicit or implicit mention anywhere else in the Charge that would indicate he was alleging age discrimination, a hostile work environment or retaliation. *See, e.g., Habib-Stevens v. Trans States Airlines, Inc.*, 229 F. Supp. 2d 945, 946-48 (E.D. Mo. 2002) (failure to exhaust administrative remedies on ADA claim where appropriate box was not checked on charge of discrimination and where no mention was made in charge that plaintiff had an actual disability); *Price v. Harrah's Maryland Heights Operating Co.*, 117 F. Supp. 2d 919, 921-22 (E.D. Mo. 2000) (failure to exhaust administrative remedies on retaliation claim where plaintiff failed to check "retaliation" box on charge of discrimination); *Favaloro v. BJC Healthcare*, 2015 WL 6531867, at *3 (E.D. Mo. Oct. 28, 2015) (dismissing disability discrimination claim for failure to exhaust where plaintiff's charge did not check box for "disability" in charge or allege any disability discrimination in the "particulars").

In *Price v. Harrah's Maryland Heights Operating Co.*, this Court considered similar circumstances as the present case. 117 F.Supp.2d 919 (E.D. Mo. 2000).  In that case, the plaintiff complained only of sex discrimination in her EEOC charge, but included a retaliation claim in her lawsuit. *Id*. at 921-22. The plaintiff had failed to check the "retaliation" box in her charge, and failed to allege any facts in the narrative section that raised an issue of retaliation. *Id*. at 921-22. This Court held that plaintiff's retaliation claim was separate and distinct from her sex discrimination claim, and so her EEOC charge deprived the defendant of notice of any retaliation claim. *Id*. at 922. Therefore, the only claim properly addressed by the EEOC administrative processes was sex discrimination and the district court dismissed the plaintiff's retaliation claim. *Id*.

Here, as in *Price*, Plaintiff's Charge is devoid of any reference to age, hostile work environment or retaliation – it provides details only regarding disability-related issues and incidents. Furthermore, "it is well established that retaliation claims are not reasonably related to underlying discrimination claims." *Id.* Based on the Charge, therefore, Defendant and the EEOC received no notice that Brown was bringing claims of age, hostile work environment and retaliation.

While Plaintiff might also argue that his new hostile work environment claim is somehow related to the allegations in his Charge to the extent it is based on his alleged disability, the United States Supreme Court has recognized that "[h]ostile environment claims are different in kind from discrete acts." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 115, 122 S. Ct. 2061, 2073, 153 L. Ed. 2d 106 (2002).  Unlike claims involving discharge or other discrete acts, "a claim of [disability-based] harassment in the workplace focuses on the pervasiveness of the . .

. discriminatory conduct and also the employer's possible knowledge of that conduct and failure to take remedial action." *Tart*, 31 F.3d at 672.

Dispositively, courts have repeatedly ruled that harassment and hostile work environment claims **are not** "like or reasonably related to" claims of discrete acts of discrimination for purposes of exhausting administrative remedies. *See Martin v. Trinity Marine Products, Inc.*, 2012 WL 1620164 (E.D. Mo. May 9, 2012) (dismissing harassment and hostile environment claims that were not included in charge of discrimination where plaintiff merely alleged repeated discrete acts of discrimination in his charge); *Cottrill v. MFA, Inc.*, 443 F.3d. 629, 634-35 (8th Cir. 2006) (claims for disparate treatment did not arise from nor were reasonably related to the allegations of a hostile work environment).

Each factual allegation contained in Plaintiff's Charge amounts to discrete acts of alleged discrimination, not allegations of harassment or a hostile work environment. The terms/phrases "harassment," "hostile environment," or "severe or pervasive" do not appear in the Charge, and there is nothing else in the content of the Charge that otherwise "give[s] notice to the charged party" that Plaintiff would be suing under such a theory. *See Ewing v. Fresh Ideas Mgmt. LLC*, 2007 WL 4210062 (E.D. Mo. Nov. 27, 2007) ("Although it is worth noting that there is no 'harassment/hostile work environment' box to check [in the charge form], plaintiff's narrative lacks any mention of 'severe or pervasive' conduct or a racially charged work environment."). Had Plaintiff wanted to pursue a harassment or hostile work environment claim based on his disability, he could and should have described such allegations in his charge. But he did not, and cannot now after-the-fact expand the scope of his claims.

Plaintiff simply did not "set forth the particulars" of any alleged age discrimination, hostile work environment or retaliation in his Charge. Accordingly, Plaintiff failed to exhaust his

administrative remedies as to those claims and the Court should partially dismiss his Complaint accordingly.

## CONCLUSION

For the foregoing reasons, Defendant General Motors, LLC requests that the Court sustain its motion, dismiss with prejudice Plaintiff's claims of age discrimination (Count I), hostile work environment (Count III) and retaliation (Count IV), enter judgment in its favor, award its fees and costs, and grant any further relief that the Court deems just and proper.

Respectfully submitted,

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

/s/ *James M. Paul*
James M. Paul, #44232MO
Samuel W. Newman, #69443MO
7700 Bonhomme Avenue, Suite 650
St. Louis, MO  63105
Telephone:  314.802.3935
Facsimile:  314.802.3936
james.paul@ogletree.com
samuel.newman@ogletree.com

ATTORNEYS FOR DEFENDANT
GENERAL MOTORS, LLC

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on April 12, 2021.

/s/ *James M. Paul*
Attorney for Defendants

46656410.1