## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| ANTONIO BROWN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:20-CV-1760 RLW |
| GENERAL MOTORS, LLC, | ) ) ) |
| Defendant. | ) ) ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Defendant General Motors, LLC's ("GM") Partial Motion to Dismiss. (ECF No. 12). Plaintiff Antonio Brown opposes the Motion (ECF No. 19) and it is fully briefed. The Court will grant GM's Motion for the reasons below.

### BACKGROUND

GM terminated Brown on May 20, 2019. (ECF No. 1, p. 4). On November 19, 2019, Brown filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). (ECF No. 19-1). In his charge, Brown stated:

> I was employed by Respondent from November 16, 2014 until I was terminated on May 20, 2019. My most recent position was a Paint Prep.
>
> Due to all the stress at work I was off from December 10 until May 10 for medical reasons. On May 10th I provided them a Doctor's note from my doctor saying I could return to work. When I came back to work they told me that I had to get release [sic] from both a Psychiatrist and a Medical Doctor. In May 20th, [sic] I went and saw both of their doctor's [sic] and received a release to come back to work that day. After coming back to work that day, I was discharged.

> I believe I was discharged due to my disability.
>
> 1. Respondent made me get a release from both a medical doctor and a Psychiatrist.
> 2. I was released to come back to work with no restrictions.
> 3. I was then discharged.
>
> As a remedy, I desire an end to the discrimination and anything else the Commission deems just and proper.

*Id.* In the "Discrimination Based On" section, Brown checked the box next to "Disability". *Id.*

Brown received a right-to-sue letter from the EEOC on or about September 16, 2020. (ECF No. 22-2).[1] The letter stated: "You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court." *Id.* Brown then filed the present action. (ECF No. 1). In his Complaint, Brown alleges: (1) age discrimination in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621-634, (2) unlawful discrimination based on his anxiety and bipolar disorders in violation of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101-12213, (3) a hostile work environment in violation of both the ADEA and the ADA, and (4) retaliatory termination in violation of both Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-3 and the ADA. *Id.* at 4-7.

Brown alleges he complained to his supervisors on December 7, 2018, about loud rap music being played by other employees. *Id.* at 3. He states management ignored his request and "the situation escalated leading Mr. Brown to be psychologically triggered by the verbal and even physical confrontations with management." *Id.* Someone then called the police, but Brown left the

---

[1] While this Court generally may not consider materials outside the pleadings in deciding a motion to dismiss, it may consider those materials that are "necessarily embraced" by the pleadings. *Noble Sys. Corp. v. Alorica Cent., LLC*, 543 F.3d 978, 982 (8th Cir. 2008) (citations omitted). The Court will consider Brown's Charge of Discrimination (ECF No. 19-1) and the EEOC's right-to-sue letter as they are "necessarily embraced" by the pleadings. *See, e.g., Frey v. Fed. Rsrv. Bank of St. Louis*, No. 4:15-CV-737 CEJ, 2015 WL 4526963, at *2 (E.D. Mo. July 27, 2015).

2

premises of his own accord. *Id.* Three days later, Brown filed for sick leave due to his mental health and sought therapy. *Id.* Brown was released to return to work on May 10, 2019. *Id.* at 4. He reported to work on May 20, 2019, but management required him to see the corporate psychiatrist before starting work. *Id.* GM then terminated Brown even though the psychiatrist approved his return. *Id.* Brown seeks compensatory damages, punitive damages, interest, costs, attorney's fees, and various orders from the Court. *Id.* at 6-7.

## LEGAL STANDARD

"To survive a motion to dismiss for failure to state a claim, the complaint must show the plaintiff is entitled to relief by alleging sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *In re Pre-Filled Propane Tank Antitrust Litig.*, 860 F.3d 1059, 1063 (8th Cir. 2017) (internal quotation marks omitted) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In reviewing a Rule 12(b)(6) motion, the Court accepts as true all factual allegations and construes all reasonable inferences in the light most favorable to the nonmoving party. *Usenko v. MEMC LLC*, 926 F.3d 468, 472 (8th Cir. 2019), *cert. denied*, 140 S. Ct. 607 (2019). Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). In discrimination cases, however, the Supreme Court has "negated any need to plead a prima facie case" at the pleading stage. *Blomker v. Jewell*, 831 F.3d 1051, 1056 (8th Cir. 2016) (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002)). Still, "[w]here the allegations show on the face of the complaint there is some insuperable bar to relief, dismissal under Rule 12(b)(6) is appropriate." *Benton v. Merrill Lynch & Co.*, 524 F.3d 866, 870 (8th Cir. 2008).

## DISCUSSION

GM asks this Court to dismiss Counts I, III, and IV because Brown did not assert these claims before the EEOC. (ECF No. 13, p. 3). Brown argues that dismissal is inappropriate because those claims "grow out of" and are "reasonably related to" the original administrative charge of disability discrimination. (ECF No. 19, p. 1). The Court will address each count in turn.

Before doing so, however, it is necessary to review certain requirements that are applicable to all of Brown's claims. To assert his claims under the ADA, ADEA, and Title VII, Brown must first have exhausted his administrative remedies by filing a charge of discrimination with the EEOC. *Moses v. Dassault Falcon Jet-Wilmington Corp.*, 894 F.3d 911, 919 (8th Cir. 2018) (citations omitted). "The reason for requiring the pursuit of administrative remedies first is to provide the EEOC with an initial opportunity to investigate allegations of employment discrimination and to work with the parties toward voluntary compliance and conciliation." *Parisi v. Boeing Co.*, 400 F.3d 583, 585 (8th Cir. 2005). "Exhaustion of administrative remedies entitling a claimant to bring a cause of action . . . requires a claimant to give notice of all claims of discrimination in the administrative complaint." *Stuart v. Gen. Motors Corp.*, 217 F.3d 621, 630 (8th Cir. 2000) (quotation omitted). The Court must liberally construe the charge when determining whether a particular claim has been exhausted, and "[t]he breadth of the civil suit is . . . as broad as the scope of any investigation that reasonably could have been expected to result from the initial charge of discrimination." *Id.* at 631. Even so, "there is a difference between liberally reading a claim which lacks specificity, and inventing . . . a claim which simply was not made." *Parisi*, 400 F.3d at 585 (quotation omitted).

### A. Count I – Age Discrimination

Despite an opportunity to do so, Brown did not claim age discrimination in his EEOC charge. (ECF No. 19-1). Under "Discrimination Based On," the charge form instructs claimants to "Check appropriate box(es)." *Id.* Even though the form has a box for age discrimination, Brown only marked "Disability." *Id.* What is more, Brown did not mention age discrimination in his narrative. *Id.* Notably, Brown expressly stated in the EEOC charge: "I believe I was discharged *due to my disability*." *Id.* (emphasis added). As GM points out, (ECF No. 20), Brown does not address the issue in his Response. (ECF No. 19). Because Brown failed to exhaust his administrative remedies, the Court will grant GM's Motion to Dismiss as to Count I.

### B. Count III – Hostile Work Environment

GM argues that Brown failed to exhaust his administrative remedies as to his hostile work environment claim. (ECF No. 13, pp. 3-4). Brown counters that his reference to "all the stress at work" "is more than sufficient for a defendant to be noticed that a hostile work environment allegation may be likely[.]" (ECF No. 19, pp. 1-2). Brown also states there is no option for "hostile work environment" on the EEOC charge. *Id.* Finally, Brown asserts that GM was on notice as evidenced by its EEOC position statement. *Id.*

Brown is correct that there is no option for "hostile work environment" on the charge form. (ECF No. 19-1). As Brown explains in his Response (ECF No. 19, p. 1), a plaintiff "may seek relief for any discrimination that grows out of or is like or reasonably related to the substance of the allegations in the administrative charge." *Stuart,* 217 F.3d at 631 (citation omitted). "The breadth of the civil suit is . . . as broad as the scope of any investigation that reasonably could have been expected to result from the initial charge of discrimination." *Id.* (citation omitted). But in the context of hostile work environment claims, courts have held that discrete discriminatory events

5

are not "like or reasonably related to" such claims. *See, e.g., Dorsey v. Pinnacle Automation Co.*, 278 F.3d 830, 838 (8th Cir. 2002) ("In this case, Appellants' claims for age discrimination based on the failure to promote presented in their charge of discrimination is not broad enough to encompass hostile work environment claims."); *Tart v. Hill Behan Lumber Co.*, 31 F.3d 668, 671 (8th Cir. 1994) (holding that harassment claims were not like or reasonably related to plaintiff's discriminatory discharge claim); *Martin v. Trinity Marine Prod., Inc.*, No. 1:11-CV-181 SNLJ, 2012 WL 1620164, at *4 (E.D. Mo. May 9, 2012) (finding that plaintiff's harassment claim was not reasonably related to his racial discrimination or retaliation claims); *Davis v. Staff Mgmt.*, No. 4:11-CV-888 CDP, 2011 WL 4857909, at *3 (E.D. Mo. Oct. 13, 2011) (finding that plaintiff's assertions of racial harassment may not be considered as part of her complaint because "they are not related to her claim of discriminatory discharge."); *but cf. Colquitt v. St. John's Mercy Health Serv.*, No. 4:11-CV-1460 JCH, 2012 WL 95615, *3 (E.D.Mo. Jan. 12, 2012) (finding that plaintiff's harassment claim was reasonably related to her racial discrimination claim because she made numerous allegations in her administrative charge about adverse conditions that occurred because of her race). Indeed, the Supreme Court has stated:

> Hostile work environment claims are different in kind from discrete acts. Because their very nature involves repeated conduct, the 'unlawful employment practice,' § 2000e-5(e)(1), cannot be said to occur on any particular day. It occurs over a series of days or perhaps years and, in direct contrast to discrete acts, a single act of harassment may not be actionable on its own.

*Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 103 (2002) (citing *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993)).

   Here, Brown's Charge of Discrimination identifies only discrete acts of alleged disability discrimination. Brown lists three specific reasons he believes his termination was discriminatory: "1. Respondent made me get a release from both a medical doctor and a Psychiatrist. 2. I was

6

released to come back to work with no restrictions. 3. I was then discharged." (ECF No. 19-1). Far from focusing "on the pervasiveness of . . . discriminatory conduct" that reveals a hostile work environment (*see Tart*, 31 F.3d at 672), Brown alleges a discrete discriminatory act: his alleged discriminatory termination. (ECF No. 19-1). The fact that there is no box for "hostile work environment" on the charge form does not change this analysis. *See Ewing v. Fresh Ideas Mgmt. LLC*, No. 4:07-CV-1068 CEJ, 2007 WL 4210062, at *4 (E.D. Mo. Nov. 27, 2007) ("Although it is worth noting that there is no 'harassment/hostile work environment' box to check on the EEOC charge, plaintiff's narrative lacks any mention of "severe or pervasive" conduct or a racially charged work environment."). Simply put, nothing in Brown's charge gives notice to GM of a claim for hostile environment. While Brown asserts that his reference to "stress at work" is sufficient to carry the claim, he offers no authority for that contention. Nearly all members of the workforce experience work-related stress at some point in their careers. A reference to "stress at work," without more, is not sufficient to put an employer on notice of a claim of hostile work environment.[2] While the Court must construe Brown's EEOC charge liberally, it will not invent a claim that simply was not made. *See Parisi*, 400 F.3d at 585. Because Brown has not exhausted his administrative remedies, the Court will grant GM's Motion as to Count III.

C. **Count IV – Retaliation**

GM argues that Brown failed to exhaust his administrative remedies for his retaliation claim because he neither checked the box for "Retaliation" in the EEOC charge nor made any

---

[2] Brown attached to his Response a copy of GM's EEOC position statement. (ECF No. 19-2). Brown contends that this document shows GM anticipated the hostile work environment claim. (ECF No. 19, p. 2). The Court will not consider GM's position statement at this juncture. As noted above, in deciding a motion to dismiss, the Court generally may not consider materials outside the pleadings. *Noble Sys. Corp.*, 543 F.3d at 982. Unlike Brown's Charge of Discrimination (ECF No. 19-1) and the EEOC's right-to-sue letter (ECF No. 22-2), the Court finds that GM's position statement is not "necessarily embraced" by the Complaint.

7

reference to retaliatory conduct. (ECF No. 13, pp. 3-4). Brown counters that his retaliation claim "grows out of" his disability discrimination claim. (ECF No. 19, p. 2). Brown asserts that GM was on notice because his EEOC charge states he had to get clearance from both a medical doctor and a psychiatrist before beginning work. *Id.* Brown also states in his Response that he "perceived this as retaliatory measure [sic] against him because of the aggravated events which lead to his mental health leave." *Id.*

As with his claim of age discrimination, Brown had the opportunity to assert a retaliation claim in his EEOC charge but failed to do so. (ECF No. 19-1). Under "Discrimination Based On," the form instructs claimants to "Check appropriate box(es)." *Id.* Even though the form has a box for retaliation, Brown only marked "Disability." *Id.* He also failed to mention any retaliatory conduct in his narrative.

*Williams v. Little Rock Mun. Water Works* is instructive here. 21 F.3d 218 (8th Cir. 1994). In *Williams*, the plaintiff filed a charge with the EEOC alleging she was denied a promotion and raise in retaliation for filing an earlier EEOC charge. *Williams*, 21 F.3d at 222. After receiving a right-to-sue letter, the plaintiff filed suit for racial discrimination. *Id.* The district court granted the defendant's motion for partial summary judgment because the discrimination claims were beyond the scope of her EEOC charge. *Id.* The plaintiff then requested a continuance and leave to amend her complaint, which the court denied. *Id.*

The Eighth Circuit affirmed the judgment of the district court. *Id.* at 226. In doing so, the court noted that the plaintiff did not mark the box for "race" in her EEOC charge and did not allege any facts in the narrative section about racial discrimination. *Id.* at 222. "Not only did [the plaintiff] fail to check the box for race discrimination, her 1990 EEOC charge and supporting affidavit

8

specifically and unambiguously alleged that [the defendant] retaliated against her because she had filed a charge with the EEOC in January 1987." *Id.* at 223.

Here, Brown did not check the box for "retaliation" in his EEOC charge or allege any facts relating to retaliation. (ECF No. 19-1). Instead, he specifically and unambiguously alleged that GM terminated him because of his disability. *Id.* Although Brown now states he perceived his termination as a retaliatory measure (ECF No. 19, 2), his perception is immaterial because it is not reflected in the EEOC charge. What is more, "it is well established that retaliation claims are not reasonably related to underlying discrimination claims*." Wallin v. Minnesota Dep't of Corr.*, 153 F.3d 681, 688 (8th Cir. 1998). Even construing Brown's charge liberally, the Court finds that Brown failed to exhaust his administrative remedies. The Court will grant GM's Motion as to Count IV.

## CONCLUSION

For the reasons set forth above, the Court finds that Brown failed to exhaust his administrative remedies as to Counts I, III, and IV. The Court will grant GM's Partial Motion to Dismiss.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant General Motors, LLC's Partial Motion to Dismiss (ECF No. 12) is **GRANTED**.

An appropriate Order of Dismissal will accompany this Memorandum and Order.

*Ronnie L. White*

**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 3rd day of February, 2022.

9